prosecutes me for not registering, I will raise my constitutional objection to this because I am and intend to remain within one state and never to leave it. For intrastate travel, but he does not dispute, Your Honor, that if he travels interstate that he can be prosecuted lawfully under the Necessary and Proper Clause. Yes. That's his point, is when and if that happens, then you can prosecute him for failing to And because he agrees that if there's two bases, the intrastate and the interstate, if he can be prosecuted for the interstate travel, it's enough while he's on active Federal supervisor lease and they're keeping tabs on him, that he be required to register during that period in the event that he travels interstate. That's your argument, but I mean, it seems to me that he has an argument in answer to your position that even if he would be in violation when he travels in interstate commerce, if he changes his mind and he leaves the state, he would still have the option to register just before doing it. In other words, he says, I'm never going to leave this state. And then after five, and he doesn't register. And then after five years, he said, well, I am going to because my mom is sick somewhere and I have to go visit her, so I'm going to register now before I cross the state line. The, the, well, two, two answers to that, Your Honor. One, he has to register with the New York state authorities, the same office, because there is no Federal registrar, registration authority, he has to register with the same office for, with New York state for intrastate travel in any event. I would also note under the reasoning of, of Kebido, when the Supreme Court decided this same question for a military offender with a prior conviction who wasn't even on active supervised release, they talked about that this power was necessary to ensure the public's safety through systems of parole and supervised release. The Federal Government has long kept track of former Federal prisoners through probation, parole, and supervised release, in part to prevent further crimes. First of all, you pointed to his state obligation and that, in fact, it's even the same office. If that's so, what are we doing here? He's going to register in the state. Well. He acknowledges he has to do that. What, what's the added interest here that you, that you feel a need to press the issue in this context? Well, the defense is pressing the issue, not the government, I would note. But in, in pressing the issue on, on behalf of the government, why that box needs to be checked, it should be checked for notice to Mr. Hyman. Notice that he's going to be subject to SORNA. Even if it weren't in the judgment, he has to do it anyway, and if he doesn't do it, he gets prosecuted. You've gotten notice. Let me just say, though, that that suggests that your first point, well, he has to register in the state, is irrelevant. Well, no. You want, you want a separate Federal registration, whether it's one office, two offices, it doesn't matter. I'm trying to get to the logic of your argument. I agree, Your Honor. So, the fact that he has to register in the state is irrelevant to your argument. So, now we get to the crux of the argument, which seems to be that because there's the possibility that he may travel interstate, the Federal government has an interest in his, in everybody registering as a matter of course, rather than the registration obligation only arising moments before you cross the state line. What's the logic of that argument? What, what, why should the Commerce Clause go that far? The, the Commerce Clause should go that far because it's, it's necessary as part of, are we talking about supervised releasees, or are we going to talk about after he's done with supervised release? I gather you're, both of you are arguing about supervised release. See, I don't. So, during the period when he's. So, during the period of his supervised release, Your Honor, we don't know if he's going to travel or not because we can't predict who's going to travel and who doesn't, isn't going to travel, requiring everyone to track, to register so that we can track them while they're being tracked anyway. That seems to be, amongst all of us, that seems to be at the heart of the argument. We need him to register because if he travels, somehow, I don't personally know how, but somehow, because he's registered under SORNA, we will know that he has traveled interstate, is that right? Is that right? It is exactly right, Your Honor, because we'll know, when, when people register, they actually go and do checks to see if the people who are registered are where they're supposed to be registered at. So, the reason to do it is, is because you cannot properly enforce SORNA in terms of interstate travel because you won't know he's done it, and that's what SORNA is for. Yes, there's, there's regular, exactly, there's regular checks, they go and check, and they're also, you have to renew your, your SORNA periodically, so when someone suddenly doesn't renew, we know that they've gone and we can start to look for them. Let me make sure I understand. You register in SORNA that you live in Queens, and on a given Saturday, you go to New Jersey and then come back. You haven't moved, you've just traveled to New Jersey. What, what benefit does SORNA give anyone in that circumstance that's different from if he had traveled from, from Queens to Brooklyn on that Saturday? And the answer, if it's just a trip for the day to do something, there's no difference whatsoever, and you wouldn't be subject to prosecution either. The concern, as I understand with SORNA, is the person moves, so you're living in Queens when you're released, but then you move to New Jersey, Pennsylvania, whatever, and you want people registered so that the authorities know at all times where this convicted sex offender is living, right? It gives a place to start looking for them, right. But the only authority you have is interstate commerce, so though your interest is the same when they move from Queens to Brooklyn, your authority is only if they move from Queens to New Jersey? I would, I would argue, Your Honor, that for someone on active Federal supervised release, under the reasoning of Kebido and the statements the Supreme Court made in Kebido, that for someone on active Federal supervised release, the Federal government has a very active interest, and that the, it would extend to intrastate, but. Do you have constitutional authority? I think, whether it's constitutional or statutory authority, they're under, for a Federal supervised releasee, we can do, we actually require them to tell the probation officers where they're living at all times, even if, and they have to get permission to even travel to New Jersey for a day trip, not just to move there. SORNA doesn't help with that, does it? SORNA has to do, as Judge Raggi says, SORNA has to do with somebody who gets up and skips town, that's what it is. Yes, and also what we see a lot are folks who, they'll go register at mom's house in another state, so where they're living, no one will know that they're there. All right, let me ask you this. You've just, I think you've drawn a distinction that maybe you started with, which is, while you're on active supervision, the court is going to always know where you live through the probation department, but that's not what this is. This is a registry that average citizens can access, correct? To some degree, yes. They can't get your home address. Well, but it's different from the information you've given probation, which is confidential, right? Agreed, Your Honor, yes. Okay, so the court's authority, while it's got you on supervision, and which is very Why should, where was Congress's authority, which is different from the court's supervisory authority? Congress's authority comes from the necessary and proper clause in this case. For the same Is that necessary and proper to some authority that Congress has? So what authority is this necessary and proper to? I thought you were arguing commerce clause. I am. The same as Kebido, Your Honor. And my argument is, though, that our case is better than Kebido, in that in Kebido, you have someone who had a prior military conviction, who had served his sentence, served any post-release supervision, and is just out in the world. And then that one also was grandfathered in from the Wetterling Act to SORNA. Our case is someone who, the question here is whether, on his judgment, Judge Wexler, well, not even, it's mandatory, Judge Wexler has no discretion about it, but whether it's proper constitutional to require someone who's on active federal supervised release during that period of supervised release to register, to register. May I ask you something else? Yes, of course. There's still more time. I'd like to ask, how are you? Go ahead. The defendant was clearly on notice, if I understand correctly, from the plea agreement and other discussions. He was clearly on notice that the statute requires him to register under SORNA as a consequence of his conviction. So, if that's true, did Rule 35 provide him with an opportunity after the judge, he certainly had the opportunity before the, at the time of his sentence, but did he have an opportunity under Rule 35 or some other provision of procedure to raise this after the judge had mentioned it in an ambiguous way in the judgment? And if he had the opportunity, did he have an obligation to raise it in the district court rather than raising it for the first time in the court of appeals? He absolutely did have an opportunity, could have, Your Honor, and I'll credit my appellate editor who whispered it in my ear as Your Honors were questioning defense counsels under Rule 35, for clear error. He, for clear errors such as this, where it's, especially where it's a mandatory condition of supervised release, he could have and should have brought it up immediately to the district court to correct that error. Scalia, you should have raised it, should he not, at the sentence, because there's no question that he was on notice that the statute requires the registration. This had been discussed in the district court and he had acknowledged it in his plea agreement. And he did the opposite. It was in the plea agreement that you have to register under SORNA. It was in the PSR you have to register at SORNA. And he argued at sentencing, one of the reasons you should give me a non-guideline or below-guideline sentence is because of this burden that I have to register. And the words that he used in the district court was that it was unalterable. So he argued that this unalterable duty to register is one of the reasons you should give me a lower sentence, because it's mandatory. It's right in the same line as commit no federal, state, or local offense. It's in the same list. It's number seven instead of number one. The judge doesn't, you know, it's mandatory. And because it's mandatory, because he was on notice, and because he's arguing it, clearly not only is the district court not on notice that there's some issue here, but it's the district court, he's asserting that this is mandatory and I'm going to follow it and you should give me a lower sentence as a result. This is a waiver argument. Yes. Can I just ask you what we should do, what you think we should do with respect to the part of the written judgment that says he shall comply with the sex offender requirements mandated by law? Should we ignore it? Should we just say it's too vague, but the SORNA obligation is not too vague? What should we do with it? Well, if the SORNA box had been properly checked, it's superfluous for federal purposes, but for state purposes, he has a state duty to register as well. If he doesn't do it, he's committing a state crime. And we already have don't commit any further crimes. That statement is superfluous, I think. I agree. Are you agreeing that we should send it back, at least for that limited purpose,  I am, Your Honor. We should send it back to check the SORNA box. What Judge Sachs Would you intend to examine that sentence or not? Yeah. What Judge Sachs is referring to is there's an addendum which had that sentence in it. I think with SORNA there and with the don't commit a state or federal offense, I don't think you need that sentence. And if it's there, it should be more clear that you have to fulfill your state obligations to the extent that you have state obligations. So in the future, if a judge writes a judgment and fails to check the box, are you going to make a post-judgment? It's happened already since this brief, Your Honor. And in front of Judge Wexler, I called it to the court's attention and he's checking the box at this point. So it's already come up. As soon as the defense filed the brief and I was alerted to the issue, I started looking for it. So I apologize to the Is that under Rule 35? Is it a Rule 35 motion that you addressed to the judge? Oh, interesting. I hadn't considered that, Your Honor. But that is an option as well. I hadn't considered that till. Thank you. Marmor. Thank you. Just a couple of points, unless there's some specific questions. There's a lot of issues that's been raised here. As to the waiver, I don't think it's, Your Honor sort of moved to forfeiture when you asked me some questions before. I think that's a fair way to at least look at it. I think waiver is not appropriate here. He did point out that he would be required to register, although he is required to register under state law. And perhaps. You said that in the context of papers and filings that all referenced SORNA. So, you know, I would understand your argument that you were thinking of the state requirement, but that's not what the record permits you to argue here. But even so, Your Honor, maybe the better point is that he didn't get what he asked for. And so, to say, well, okay, what he really wanted was to achieve no jail time. And as part of that, he pointed out some other factors. Right, but we're not here on whether you got what you wanted or not. Indeed, there's case law that says that there can be waiver when you make an argument like this and you don't get what you want. The question is whether you raised the issue to the district court at a time when it would have been appropriate to do so. And instead of saying, you know, you can't impose these obligations on me because they're going to be unconstitutional. You said, because you're going to have to impose these obligations, give me a reduced sentence. So that the district court had no idea that you thought these obligations were not permissible. I appreciate that, Your Honor. I do think that at the end of the day, the judge should have made that oral pronouncement if he was intending to and was going to as required by the- If the record shows a clear, shows an awareness on your part that SORNA requires registration. Yeah. And you take the position that that is unconstitutional for someone who intends to remain a resident of a single state and not to change his residence. Why isn't it your obligation to raise it in the district court, whether it's at the sentencing procedure or under Rule 35? I mean, I agree with you that what the judge wrote didn't explicitly reference SORNA, but you knew that SORNA requires this. So why wasn't it your obligation to raise it in the district court at some point? We contend this is unconstitutional. We contend it's beyond the powers of Congress to require it. With this business of raising something for the first time in the court of appeals, that's not the way it's supposed to work. I agree, Your Honor, that it should have been raised and litigated and presented clearly. Why is that not end of inquiry? Because, in fact, it wasn't imposed below, and it certainly — No, it was imposed below. It was imposed below as a matter of law, and you knew that. It was in — by virtue of the sentence, the law required that you register. So the judge — It was not imposed as a condition of supervised release. How did you come to know that it was a problem in terms of filing a direct appeal when you didn't know it in the district court? Well, I think what we're saying is to the extent that it is a part of the judgment, we are challenging that. If it's not, and we go back — If a part of the judgment is a condition of supervised release, one can always go to the district court for a modification of a condition of supervised release. Isn't that — isn't that the law? Well, that is the — You can always — this isn't now the incarceratory sentence or anything like that. The conditions of supervised release you can always seek modification for. So you could have gone to the district court. But our position is that the district court didn't impose it. But how is it that if it's not imposed, how are you here on appeal? Well — I mean, your first point on appeal is that you — Yeah. Yeah. So you think it's imposed. Well, I think it's unclear whether it has been imposed, and I think we're — Well, then all the more reason to ask the district court. For clarification. But if that — And the condition of supervised release, you can go to the district court, seek clarification, modification. Well, if that's the case, Your Honor, then I do think we're in the position of a forfeiture argument with the more relaxed plain error standard, or that when it goes back to Judge Wexler, we do this the right way this time. I suppose the way you should have done it, as I understand the colloquy, is you should have said, Judge, we contend that soreness applied to my client is unconstitutional, but those people in the Second Circuit are so difficult, we probably won't win on that issue. And therefore, we're likely to be bound by this and proceed from there. I think that's what you should have done. No for next time. Thank you very much. I think we have both sides' arguments. We've kept you past your time. Thank you. We'll try and get —